# FIFTH DISTRICT COURT OF APPEAL
## STATE OF FLORIDA

_____

Case No. 5D22-1006
LT Case No. 2017-CA-027349

_____

PEOPLE'S TRUST INSURANCE
COMPANY,

     Appellant,

     v.

KIMBERLY DIAZ and EVARISTO
DIAZ,

     Appellees.

_____

On appeal from the Circuit Court for Brevard County.
David Dugan, Judge.

Scott A. Cole and Mark Tinker, of Cole, Scott & Kissane, P.A.,
Miami, and Brett Frankel and Jonathan Sabghir, Deerfield
Beach, for Appellant.

Matthew Struble, of Struble, P.A., Indialantic, for Appellees.

December 1, 2023

LAMBERT, J.

     People's Trust Insurance Company ("People's Trust") appeals
the final judgment entered in favor of Kimberly Diaz ("Ms. Diaz")
and Evaristo Diaz (collectively, "the Diazes") following jury trial.
Ms. Diaz owned a home covered by an all-risks insurance policy

issued by People's Trust, subject to certain endorsements that limited coverage. Her home sustained water damage when one of the cast iron pipes in the home leaked due to "age-related wear and tear" and "deterioration." Ms. Diaz made a claim under her policy and thereafter filed suit for breach of contract when People's Trust did not pay the full amount of what she asserted was covered under the policy.

The jury awarded the Diazes $9,500 in damages and repairs related to the water damage, plus $25,300 for what will be referred to as "tear out" costs, which are the costs that were incurred to access and repair and replace the damaged pipe. The primary issue in this appeal is whether these tear out costs are covered under the Diazes' Limited Water Damage ("LWD") coverage endorsement that modified their Water Damage Exclusion ("WDX") endorsement to their insurance policy.[1] We reverse.

A detailed description of the insurance policy, the LWD and WDX endorsements, and the facts of the case is unnecessary to our resolution of this appeal. The issue of whether, under identical policy language and similar facts, these tear out costs are covered under the People's Trust homeowners insurance policy and LWD and WDX endorsements that the Diazes purchased has been recently and comprehensively addressed by three of our sister courts. *See People's Tr. Ins. v. Gunsser*, 48 Fla. L. Weekly D2172d (Fla. 6th DCA Nov. 9, 2023); *People's Tr. Ins. v. Banks*, 48 Fla. L. Weekly D1819 (Fla. 3d DCA Sept. 13, 2023); *Panettieri v. People's Tr. Ins.*, 344 So. 3d 35, 41 (Fla. 4th DCA 2022). Each court concluded that the LWD endorsement in the People's Trust policy did not provide coverage for tear out costs.

We agree with the respective analyses of our sister courts of the policy language and endorsements and adopt the detailed reasoning from their opinions on this issue as our own. We also agree that, for the reasons explained by our sister courts, our opinion in *Security First Insurance v. Vazquez*, 336 So. 3d 350 (Fla. 5th DCA 2022), is distinguishable from the instant case and does

---

[1] People's Trust does not dispute that the $9,500 in damages awarded by the jury for water damage is covered under its policy.

not compel a different result.

Accordingly, we reverse the final judgment; and we remand with directions for the trial court to enter an amended final judgment that does not include the tear out costs.[2]

REVERSED and REMANDED, with directions.

BOATWRIGHT and KILBANE, JJ., concur.

———————————————

***Not final until disposition of any timely and authorized motion under Fla. R. App. P. 9.330 or 9.331.***

———————————————

---

[2] We also find no merit to the Diazes' separate argument that the final judgment should be affirmed based on the doctrine of collateral estoppel.